UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE F. PEACH,

                              Plaintiff,

                 v.                               6:08-CV-741
                                                           (FJS/VEB)
MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

                              Defendant.
_____

**APPEARANCES**                                  **OF COUNSEL**

**THE ANTONOWICZ GROUP**         **PETER W. ANTONOWICZ, ESQ.**
148 West Dominick Street
Rome, New York 13440
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **SHEENA V. WILLIAMS-BARR, ESQ.**
**OFFICE OF REGIONAL GENERAL**
**COUNSEL - REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brought this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405 (g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB"). Specifically, Plaintiff alleges that the Administrative Law Judge's ("ALJ") decision denying his application for benefits was not supported by substantial evidence and was contrary to the

applicable legal standards.  The Commissioner disagrees.

On December 3, 2009, Magistrate Judge Bianchini issued a Report and Recommendation in which he recommended that this Court find that the Commissioner's decision was supported by substantial evidence and determined in accordance with the applicable law.  As such, Magistrate Judge Bianchini recommended that this Court deny Plaintiff's motion for judgment on the pleadings and grant Defendant's cross-motion for judgment on pleadings.

Currently pending before the Court is Magistrate Judge Bianchini's Report and Recommendation to which Plaintiff has filed objections.

## II. BACKGROUND

Plaintiff applied for DIB on July 26, 2005, alleging an onset date of July 11, 2005. *See* Administrative Record ("AR") at 56, 79.  Plaintiff alleges disability due to back, bilateral knee, and left hand impairments.  The Commissioner denied his application initially on September 2, 2005.  *See id.* at 57-59.  Plaintiff filed a request for a hearing on October 4, 2005. *See id.* at 61.

On March 13, 2007, Plaintiff appeared before the ALJ.  *See id.* at 375.  The ALJ considered the case *de novo* and, on May 22, 2007, issued a decision finding that Plaintiff was not disabled.  *See id.* at 48-55.  Plaintiff requested review by the Appeals Council on June 13, 2007.  *See id.* at 43.  The Appeals Council granted Plaintiff's request on June 11, 2008.  *See id.* at 371-74.  The Appeals Council issued a decision on August 26, 2008, finding that Plaintiff first became disabled as of January 9, 2007.  *See id.* at 10-11.  The Appeals Council's decision became the Commissioner's final decision.  On July 9, 2008, Plaintiff filed this action,

challenging the Commissioner's decision to reject his claim from July 11, 2005, to January 9, 2007.

### III. DISCUSSION

**A.     Legal standard**

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether substantial evidence supports the decision.  *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility for benefits, an ALJ makes the actual disability determination; and that decision is subject to judicial review on appeal.  A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that there is substantial evidence to support the ALJ's decision.  *See id.* (citing [*Johnson*, 817 F.2d] at 986).  Additionally, the ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections.  *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted).  When a party fails to make specific objections, however, the court reviews the magistrate judge's report for clear error.  *See id.* at 306 (citation omitted); *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1

(S.D.N.Y. Nov. 29, 2004) (citations omitted).

### B.      "Objective tests" are not medical opinions

Plaintiff asserts that Magistrate Judge Bianchini committed an error of law in determining that "objective tests" are not medical opinions. Specifically, Magistrate Judge Bianchini stated that "medical opinions" do not include "any clinical or diagnostic techniques;" and, therefore, such tests "are not entitled to weight." *See* Dkt. No. 13 at 9-10 (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)). Plaintiff claims that the diagnostic tests at issue are all reports signed by physicians who examined film or the results of nerve conduction studies and offered opinions as to what those films and studies demonstrated. *See* Dkt. No. 14 at 2. He claims that a medical doctor performed and evaluated all of these "diagnostic tests" and that they resulted in reports that offered "'conclusions' and opinions with regard to the nature and extent of injury." *See id.*

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). The regulations provide that the weight that the Social Security Administration ("SSA") gives to a particulate "medical opinion" depends upon, among other things, whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques[.]" *Id.* at § 404.1527(d)(2); *see also id.* at § 416.927(d)(2).

A simple reading of the definition of "medical opinions" makes clear that Magistrate Judge Bianchini did not err in concluding that "objective tests" are not entitled to weight under

the regulations. The regulations require the ALJ to give varying amounts of weight to "medical opinions" that are supported by the record. Objective tests are simply one way in which an acceptable medical professional can support his opinion regarding a claimant's functional limitations. Magistrate Judge Bianchini correctly found that the ALJ afforded "medical opinions" derived from these "objective tests" appropriate weight under the regulations.

C.   **Magistrate Judge Bianchini did not err in holding that substantial evidence supported the ALJ's determination that Plaintiff was able to perform sedentary work**

Essentially, Plaintiff argues that substantial evidence did not support the ALJ's determination that he was able to perform a full range of sedentary work prior to January 9, 2007. *See* Dkt. No. 14 at 3. Plaintiff claims that his treating source at the Syracuse Veterans Affairs Medical Center ("SVAMC") found him to be unsuitable for employment in an opinion dated May 7, 2007, which established the "chronicity of symptoms dating back to November 10, 2004." *See id.* at 4. Further, he claims that the consultative physician, whom SSA hired, did not have any medical records from any of his other treatment providers and formed her conclusions solely upon a one-time brief examination. *See id.* at 5. Finally, Plaintiff asserts that it was error for the ALJ to accord "'little, if any, evidentiary weight'" to the statements of a nurse practitioner who supported Plaintiff's application for benefits. *See id.*

At SSA's request, Plaintiff underwent a consultative examination with Dr. Ganesh on August 18, 2005. *See* AR at 300-02. Dr. Ganesh opined that Plaintiff had moderate exertional limitations, including sitting, standing, walking, lifting, carrying, pushing, and pulling. *See id.* at 302. On August 31, 2005, a disability analyst completed a physical Residual Functional

Capacity ("RFC") at SSA's request. *See id.* at 304-09. The analyst found that Plaintiff could occasionally lift and/or carry ten pounds, frequently lift and/or carry less than ten pounds, stand and/or walk at least two hours in an eight-hour workday, sit about six hours in an eight-hour workday, and that he had an unlimited ability to push and/or pull, other than as shown for lift and/or carry. *See id.* at 305. Moreover, Plaintiff testified that he "sits and rests for much of the day" and could "lift a laundry basket, groceries and a gallon of milk with no problems." *See id.* at 54.

> As defined in the regulations,
>
> > [s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). Plaintiff's own testimony and the opinions of Dr. Ganesh and the disability analyst clearly demonstrate that substantial evidence supported the ALJ's determination that Plaintiff was capable of performing sedentary work.

Moreover, as Magistrate Judge Bianchini correctly noted, Plaintiff's treating source at the SVAMC did not submit any opinions concerning his functional limitations, but merely submitted treatment notes and opined that Plaintiff was unemployable. *See* Dkt. No. 13 at 10. An opinion concerning the ultimate issue of disability, however, is not considered a medical opinion requiring weight and such determination is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Moreover, although neither the ALJ nor the Appeals Council stated what weight they afforded the various opinions found in treatment notes from the SVAMC

and the Rome Veterans Affairs Clinic ("RVAC"), such error is harmless because they reviewed the pertinent evidence that these two facilities submitted, noted various clinical and diagnostic tests, Plaintiff's complaints, Plaintiff's physicians' diagnoses, and the other opinions of Plaintiff's physicians concerning Plaintiff's knee, back, and hand impairments. *See Pease v. Astrue*, No. 5:06-CV-0264, 2008 WL 4371779, *8 (N.D.N.Y. Sept. 17, 2008) (holding that "[t]he ALJ provided a detailed summary and analysis of the reports and records of all treating and examining physicians[.] . . . Therefore, the ALJ's failure to comment on the weight of evidence was harmless error, and does not provide a basis for a remand to the Commissioner" (citations omitted)); *see also Jones v. Barnhart*, No. 02 Civ. 0791, 2003 WL 941722, *10 (S.D.N.Y. Mar. 7, 2003) (finding harmless error where the ALJ failed to state the weight he afforded the treating physicians' opinions because "he engaged in a detailed discussion of their findings, . . . and his decision does not conflict with them" (citations omitted)).

Finally, on May 7, 2007, nurse practitioner Ms. Lefkowicz wrote a letter stating that Plaintiff's "back injury, and resulting chronic pain, yield him unsuitable for employment." *See* AR at 370. The ALJ afforded this opinion "little, if any, evidentiary weight due to the fact that a nurse practitioner is not an acceptable medical source. In addition, this statement is quite vague and a conclusion that the claimant is 'disabled' is reserved for the Commissioner." *See id.* at 52.

Magistrate Judge Bianchini correctly found that a nurse practitioner is not an "acceptable medical source," who can offer a medical opinion. *See* 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2), 416.927(a)(2); *see also Genier v. Astrue*, 298 Fed. Appx. 105, 108 (2d Cir. 2008) (citation omitted). Moreover, her letter offered little more than her opinion that Plaintiff was unemployable, which is not considered a "medical opinion" and is a matter reserved to the

Commissioner. *See* 20 C.F.R. §§ 404.1527(a)(2), (d)(2), (e)(1), 416.927(a)(2). As such, Magistrate Judge Bianchini correctly found that the ALJ did not err in affording Ms. Lefkowicz's letter "little, if any, evidentiary weight[.]"

Based on the foregoing, the Court finds that Magistrate Judge Bianchini did not err in holding that substantial evidence supported the ALJ's determination that Plaintiff is able to perform sedentary work.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Bianchini's Report and Recommendation, Plaintiff's objections, and the applicable law, and for the reasons stated in Magistrate Judge Bianchini's Report and Recommendation as well as in this Memorandum-Decision and Order, the Court hereby

**ORDERS** that Magistrate Judge Bianchini's December 3, 2009 Report and Recommendation is **ACCEPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: November 4, 2010
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge